UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WRIGHT MEDICAL TECHNOLOGY, INC., ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 4:19-MC-00767-AGF |
| PARAGON 28, INC., ) ) | |
| Defendant. ) ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Wright Medical Technology, Inc.'s motion (ECF No. 1) to quash or for a protective order regarding Defendant Paragon 28, Inc.'s subpoenas directed to non-party Ascension Health. The subpoenas were issued by the United States District Court for the District of Colorado. As Defendant notes, Plaintiff filed substantially identical motions in other federal districts relating to subpoenas similar to the one issued in this case. Plaintiff filed two such motions in the United States District Court for the District of South Carolina, and on October 29, 2019, that District of South Carolina transferred Plaintiff's motions to the issuing court, the District of Colorado, pursuant to Federal Rule of Civil Procedure 45(f). Defendant has submitted copies of the District of South Carolina's orders to this Court. *See* ECF Nos. 15-1 & 15-2.

Rule 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The Advisory Committee's Notes to Rule 45(f) explain that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in

many districts," and when such interests "outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." Fed. R. Civ. P. 45(f) Advisory Committee's Notes to 2013 Amendment.

The Court agrees with the District of South Carolina that transfer of Plaintiff's motion is warranted under Rule 45(f). Exceptional circumstances exist here, in that the matter is essentially a discovery dispute between the existing parties on issues already addressed by the District of Colorado; the same issues are likely to arise in discovery in many districts, as similar subpoenas have been issued in this case in other district court; and similar issues have already been transferred to the District of Colorado for determination. By contrast, the non-party served with the subpoena, Ascension Health, has not joined Plaintiff's motion to quash and has not asserted any interest in obtaining local resolution of these issues.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Quash or for Protective Order Regarding Subpoenas Directed to Non-Party Ascension Health shall be **TRANSFERRED** to the United States District Court for the District of Colorado.

Dated this 6th day of November, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE